## Stelmack et al. v. Glen Alden Coal Company

*Alex Marcus* and *Vosburg & Vosburg*, for plaintiffs.
*J. H. Oliver* and *Franklin B. Gelder*, for defendant.

LEACH, P. J., September 15, 1937.—Plaintiffs claimed that defendant had injured their premises by a mine cave and had promised and agreed with plaintiffs that all necessary repairs would be made in order to restore the property to its original condition as it was before it was damaged. They aver neglect to restore the building to its original condition, and that they were compelled to expend $5,000 to complete the restoration.

Defendant filed an affidavit of defense averring that certain repairs had been made. Later it asked leave to strike the said affidavit of defense from the record and file a supplemental affidavit, alleging that it was in error in the first affidavit of defense because of a mistake

in the identity of the premises owned by plaintiffs. There were in fact no repairs made on the premises. The order was allowed, and later plaintiffs moved to vacate that part of the order wherein the first affidavit of defense is stricken from the record.

The dispute as to whether the original affidavit shall be stricken from the record is more technical than real. The object of pleadings is to get a fact that is affirmed by one side and denied by the other. In this case the original affidavit of defense is alleged to have been made by mistake as to identity of the premises, and it is no longer a part of the record, because it is no longer the contention of defendant. The paper remains in the files and is available for plaintiff on cross-examination if a witness has made a different statement. In Bohn v. Kudajewski, 36 Lack. Jur. 168, Hoban, J., stated:

"Plaintiff now challenges defendants' right to make such an amendment for the reason that such a change might destroy their opportunity to use defendants' original statement of hours performed as an admission, but the reason alleged for making said amendment is that the original affidavit was in error, a reason which could be properly advanced at the trial for denying the accuracy of the original averment, and it is difficult to see how plaintiff's rights are substantially affected by allowing the proposed change by way of amendment. There is no reason why defendants could not be cross-examined as to the accuracy of their recollection of the actual hours performed by presenting to them separate averments contained in the original affidavit and the amended affidavit and testing both their recollection and their bookkeeping by the usual methods. It is not believed that by allowing this amendment any substantial right of the plaintiff is affected, and the amendment is accordingly allowed."

Now, September 15, 1937, the original order striking from the record defendant's original affidavit of defense is affirmed and continued.